Good afternoon. May it please the Court. My name is Casey Noakes. I'm counsel for the appellant Roberto Garcia, and may I say at the outset that I'd like to reserve two minutes for sum-up. After our initial oral argument in this matter, the Court asked the parties to supplementally brief the issue of whether the ruling in Snellenberger reversed or overruled Navidad-Marcos and the progeny of cases that relied on Navidad-Marcos. The Ninth Circuit precedent unequivocally states that a court may not rely on an abstract of judgment to purposes of the modified categorical approach under Taylor and Shepard. In Navidad-Marcos, this Court specifically held that an abstract of judgment fails to satisfy the rigorous standard required by Taylor's modified categorical approach, and in doing so reasoned that the abstract is merely a form that simply calls, quote, for the identification of the statute of conviction in the crime and provides a very small space into which to type the description. It does not contain information as to the criminal acts to which the defendant unequivocally admitted in a plea colloquy before the Court, end quote. How, if you apply the analysis that Snellenberger laid out, in other words, the idea that it's prepared by an official person close to the time that they're charged with recording accurately what happened, and that the defendant had an opportunity to examine this document to presumably seek a correction if anything was wrong, are the factors any different with respect to an abstract? First, let me step back and say that in Snellenberger, the Court did not address abstracts of judgment. I understand that. I'm asking you whether the factors that led the Court en banc to decide that the document in that case, which was a minute order, was sufficiently reliable, whether those same factors apply to this other labeled document here. I guess what's the difference between a minute order and an abstract of judgment? Well, a minute order is prepared contemporaneously by the Court's clerk during the course of the proceedings. It is the result of the clerk's notes reflecting the judge's order, and in that way does contain factual elements that are narrowed through the course of a judicial proceeding, which is the exact spirit of each of the documents identified in Shepard. And Shepard does specifically say that the documents that are appropriate will have been the result of the process of that judicial narrowing. The problem with an abstract of judgment is that it's typically prepared after the truth, true in this case, and that they are not intended to contain facts. It is not intended to be a summary, for example, of the transcript of proceedings. In Shepard, the Court specifically identified the plea colloquy as an appropriate document to consider for purposes of determining the nature of the underlying conviction. A minute order is effectively the transcript in short form assembled by the court clerk for purposes of summarizing the proceedings. The minute order, or the abstract of judgment, on the other hand, is typically created after the fact, and this Court has already stated is incapable of reflecting the factual elements that underlie a plea. Counsel, we've had some other cases coming along. What do we do with Ramirez-Villapando? Well, a critical fact in the Villapando case is that the record of conviction included a transcript of the plea colloquy that reflected, let me back up. In Villapando, the question was, what was it that the appellant had stolen in the case? If it had been a property under the categorical approach, then it would have been an aggravated felony. If it had not been, then it would not have been an aggravated felony. So what is the critical fact here? And the critical fact in Villapando is that the court had before it the plea colloquy, which Shepard says No, I understand that. But what is the critical factual predicate that has to be established by whatever the documents are here? It's the methamphetamine, correct? Correct. And the information also specified the controlled substance as being methamphetamine. And it also was presented in this case, wasn't it? Correct. So why isn't that? I know it's not the same as the plea colloquy, but why doesn't it similarly lend additional credence, if you will, to the accuracy of the abstract of judgment? As was the case in Navidad Marcos, where the court determined that it was just as likely that the clerk had looked at the information when filling out the abstract of judgment and simply filled out using the exact same language what the count was in the information. Here, if you look at the language in the two, the two being the information and the abstract of judgment, the language is identical. The phrasing is identical. It suggests that what occurred here was after Mr. Garcia had made his plea, the court clerk sat down the next day and looked at the two documents and perhaps simply transcribed the count in the information onto the abstract of judgment. That is not clear and unequivocal evidence of the factual predicate of Mr. Garcia's plea. You said in Villa Pondi there was a plea colloquy, which is true, and the court mentions that, but it didn't seem to me that it entered their analysis at all. By the time they sort of said there's a plea colloquy, and then after that we didn't hear anything about it in the court's opinion, if I recall correctly. You do recall correctly, but that's because the way that the parties – the way that the appellant teed up the issue was in search of an object to attack, wanted to attack the abstract of judgment. The entire analysis of Navidad, Marcos, and Villa Pondo is dicta. It is unnecessary – it's unnecessary. What the court says in Villa Pondo is, here the abstract of judgment listing the conviction as grand theft of property, P-E-R-S, was corroborated by the felony complaint listing count 1 as the crime of grand theft of personal property to wit, tires, and rims, and the plea transcript. So it seems like they're looking at all three. Together, those documents clearly and specifically demonstrated it. So I guess what we need to be – I personally need to be persuaded of is that in the absence of the plea transcript, that Villa Pondo would have come out differently. In other words, there are two sources of corroboration for the accuracy of the abstract there. We have only one source here, but I don't know why that tips it the other way. The reason that it tips it the other way is that this court has already said that the basis for determining the nature of the underlying conviction. Villa Pondo, as a three-panel opinion, cannot supersede Navidad Marcos in the entire litany of cases that hold – Unless Allenberger changed the analysis en banc. That has to be applied. And Villa Pondo recognizes that it has not in the instance where – It declines to decide it, which is different. In Villa Pondo, the court recognizes that the BIA enumerated the facts in the plea colloquy. That is a sufficient, independent basis and appropriate under Shepard for determining what the underlying conviction was, the nature of the underlying conviction. There was no need for the court to reach Navidad Marcos. And given its analysis of a Navidad Marcos, which is counter to Sandoval-Sandoval, Sandoval-Lewa, it should not have. Now, in our case, if we take away the abstract of judgment, what's left that would sustain the conviction? Only the information. And the information alone is never enough to determine. That's all that's there. We have also submitted the certified plea agreement in which the appellant affirmatively struck out the fields where there was the opportunity to enumerate the facts underlying the plea. Thank you, Counselor. You've exceeded your time. But we've exceeded your time with questions. So we'll probably give you some rebuttal in any event. We'll hear now from the government. May it please the Court. I'm Edward Durant. I represent the United States. From the outset, this case is not Navidad. This case is similar to Velasco-Medina, where you have an information and an abstract of judgment. And that case was cited favorably in Ramirez de Locondo. To the extent that the Court would hold that Navidad has been overruled, if the Court wants to read Navidad as saying that an abstract of judgment is never enough, that case or that portion of the case should be overruled by Snellenberger. And to begin with, if you look at Navidad from 2004, that Court was concerned, first of all, with that abstract of judgment. And that's the only thing they relied on. It just said transportation of a controlled substance. You can't tell what that is just from the abstract of judgment. And that's why the Court was disappointed with that abstract of judgment. In addition, the Court had California state law that stated that abstracts were unreliable. But now we know from Delgado today that abstracts of judgments are cloaked in the presumption of reliability. And getting to Snellenberger, these are public documents, Mr. Garcia's abstract of judgment from 2006. And much like the analysis in Snellenberger, since that day, there's been nothing to change that result, that he possessed methamphetamine with intent to distribute it. He had an attorney at his hearing. When did Delgado come down? Delgado was 2008, Your Honor. And that was four years after Navi died. But under the rationale in Snellenberger, you had a minute order. And here you have an abstract judgment, two documents that are written by the clerk of the Court. They're presumptively reliable. They're contemporaneous. This abstract of judgment is not some document that's like a police report that is not correct, that's unreliable. It's something that the clerk takes very seriously when he or she does, because that's the document that you give to the jailer that allows the accused to go to jail for the time served. In Mr. Garcia's case, it was two years. And if you look at the... What of counsel's argument that the abstract of judgment in Villapando was just a copy of what was in the information? In Ramirez? I guess, yeah. In Ramirez-Villapando. I believe in Ramirez-Villapando, the recent case from this year, the abstract allowed the Court to conclude that you did have a judicial narrowing of the facts, that he did, in fact, was convicted of the crime that he was accused of. Just in this case, where the information says the only drug he possessed with intent to distribute was methamphetamine, the abstract of judgment tracks that to a T. It's a conscious judicial narrowing. If Navidad were decided today, and me being a law and order guy, I would still remand it, I would send it back, because that abstract in Navidad was no good. You also didn't have the information. And that's why, if you look at the rationale in Delgado, that case tracks this one perfectly. The first thing it does is it talks about the reliability of those abstracts of judgments and what they're used for and how the government must prove sentence enhancement by beyond a reasonable doubt. And then it reminds the clerks that these things must be scrupulously accurate. And Schnellenberger also addresses that with respect to minute orders, where if there is an issue, if something is wrong with this abstract of judgment, then Mr. Garcia or Mr. Schnellenberger, with a minute order, had the opportunity to come back and correct it. These are public documents. These aren't something that are sprung on the alien at the removal hearing. So for today, the government is asking the court to hold that under certain circumstances, an abstract of judgment alone, not combined with information, may be enough to prove removability, the nature of the conviction. And the reason is such. It conforms with the statute. The statute under INA 240C3 Bravo lists an abstract of judgment not once but twice. Why would we want to make a holding about abstracts of judgment in the absence of other documents when we have other documents here? Why do we have to reach out for that issue? Well, the court does not have to. Here you have an information, an abstract, which is consistent with Ramirez-Villapando and Velasco-Medina, but based on the court's argument, the request for argument, it asked if Navidad had been overruled by Schnellenberger. And based on the rationale in Schnellenberger, on the reliability of the documents, the fact that they're contemporaneous, the court could hold that under certain circumstances, an abstract is enough because the abstract tracks the minute order in so many respects. Well, you would say, I suppose, in every circumstance. I'm sorry, Your Honor. I suppose you'd say in every circumstance it's enough under your argument so long as it describes the facts you're trying to prove. As long as it's similar to an abstract like this, Your Honor, absolutely. If the clerk does a lousy job and I can't tell if I'm an immigration judge what this drug is, then he should send it back. But in this case, it's certainly enough. And not only is it consistent with the statute, it's consistent with Shepard because the Shepard case, the Supreme Court decision, was concerned with demand for certainty. The problems we generally have with either minute entries of abstracts of judgment isn't that we look at them and we say, well, this is false. We look at them and say, well, we really can't tell. In certain circumstances. They're incomplete. They may be named a whole statute when it's an overbroad statute and covers a lot of different things. So the fact that California says these are truthful records doesn't get us all the way there because it can be a truthful record that just doesn't serve our purpose. Yes, Your Honor. In some circumstances, the abstract would have to go back if the court could not tell if you had a conscious judicial narrowing of the facts. But in this case, there's nothing else that he did. And from 2006 to 2010, there's nothing else that's come up. There's been no reopening before the board because this is exactly what he did and this is exactly why he was found removable. Controlled substance for sale to wit. Possession with intent to distribute methamphetamine. In addition to being consistent with Shepard, it's also consistent with the rationale in Snellenberger and Delgado. For that reason, the court should affirm the decision of the board. If the court is not satisfied with the documents present, it should remand it to the board for further fact-finding. If there are no further questions, this concludes the government's presentation. I don't believe there are. Thank you. Thank you very much. Mr. Noakes, we'll give you a minute for rebuttal. Thank you. Through this case, the government is pressing for an evidentiary shortcut. It could have provided a transcript of the plea colloquy, but it did not. Instead, it provided only an abstract of judgment and the information. This court has said that an abstract of judgment is not sufficient under Shepard to determine the nature of a prior conviction. There was, in the briefing, but not necessarily in the supplemental briefing, you attempted to make a distinction between the level of proof required, the clear and convincing evidence standard versus the federal sentencing standard. Correct. Are you still resting on that distinction at all? Yes. And specifically for the practical ramification, when you say that an appellant in this instance would have the opportunity, although not necessarily, have reviewed the abstract of judgment, the difference in an immigration case is, yes, the standard is higher, and specifically, the appellant will not have had, in most cases, the real opportunity to have seen the abstract of judgment because the abstract of judgment will not be an issue until the removal proceedings where the appellant is not guaranteed assistance of counsel and, in most immigration cases, does not read English. Thank you, counsel. Your time has expired. We appreciate very much the arguments of both counsel. They've been very helpful. With that, the case is submitted, and we will adjourn. But as I said, we'll be back in just a few minutes to meet informally with Professor Bamberger's group and anyone else who cares to stay.
judges: Fletcher B. , Canby, Graber